# ORIGINAL

## IN THE COURT OF COMMON PLEAS, HAMILTON COUNTY, OHIO

**CHERYL LYNN**, Individually
and as Administrator of the
**Estate of Nevaeh Lynn-Behymer**, deceased
266 Incline Lane
New Richmond, Ohio 45157

and

**CHARLES BEHYMER**
266 Incline Lane
New Richmond, Ohio 45157

            Plaintiffs,

vs.

**HEALTHSOURCE OF OHIO**
**BATAVIA OB/GYN**
2055 Hospital Drive, Suite 130
Batavia, Ohio 45103

and

**SHERRY JOHNSON, D.O.**
Health Source of Ohio Batavia OB/GYN
2055 Hospital Drive, Suite 130
Batavia, Ohio 45103

and

**SHERRY JOHNSON, D.O.**
70 Red Bud Avenue
Cincinnati, Ohio 45229

and

**JEFFREY LUBOW, M.D.**
Health Source of Ohio Batavia OB/GYN
2055 Hospital Drive, Suite 130
Batavia, Ohio 45103

and

A 1 6 0 6 6 4 0

Case No.

Judge



**JURY DEMAND ENDORSED HEREON**

**MOTION FOR EXTENSION TO FILE AFFIDAVITS OF MERIT, ATTACHED**

D116466346

FILED 2016 DEC -5 P 5: 16
TRACY WINKLER CLERK OF COURTS
HAMILTON COUNTY, OH
CRIMINAL TRAFFIC-1

EXHIBIT 1

**JEFFREY LUBOW, M.D.**
960 Redway Avenue
Cincinnati, Ohio 45229

and

**CASEY OGBURN, M.D.**
Health Source of Ohio Batavia OB/GYN
2055 Hospital Drive, Suite 130
Batavia, Ohio 45103

and

**JOHN DOE CORPORATIONS 1-5**
Names and Addresses
Unknown to Plaintiff

and

**JOHN DOE PHYSICIANS 1-5**
Names and Addresses
Unknown to Plaintiff

and

**JOHN DOE NURSES 1-5**
Names and Addresses
Unknown to Plaintiff

and

**JOHN DOE EMPLOYEES 1-5**
Names and Addresses
Unknown to Plaintiff

    Defendants.

## COMPLAINT

Now comes Plaintiff Cheryl Lynn, Individually and as Administrator of the Estate of Nevaeh Lynn-Behymer, and Charles Behymer, by and through counsel, and for their cause of action state as follows:

## PARTIES

1. On December 6, 2014, Plaintiff Cheryl Lynn delivered a stillborn infant daughter, Nevaeh Lynn-Behymer, in Clermont County, Ohio.

2. Plaintiff Charles Behymer is the biological father of Nevaeh Lynn-Behymer and resides with Plaintiff Cheryl Lynn at 266 Incline Lane in the Village of New Richmond in Clermont County, Ohio.

3. Plaintiff Cheryl Lynn was appointed as Administrator of the Estate of Nevaeh Lynn-Behymer by the Probate Court of Clermont County, Ohio, by Entry filed August 2, 2016, in Case Number 16 ES 11829.

4. At all times relevant herein, Defendant HealthSource of Ohio Batavia OB/GYN (hereinafter referred to as "Defendant HealthSource") was a potentially deemed federally supported health center with its principal place of business in Batavia, Clermont County, Ohio, that employed physicians, physician assistants, nurses, technicians and other personnel including, but not limited to Defendants Sherry Johnson, D.O., Jeffrey Lubow, M.D., and Casey Ogburn, M.D., to evaluate, care for, and treat patients.

5. At all times relevant herein, Defendant Sherry Johnson, D.O. (hereinafter referred to as "Defendant Dr. Johnson") was a resident of the State of Ohio, duly licensed to practice medicine in the State of Ohio, specifically with a primary place of business located in Clermont County, Ohio, and a primary residence located in Hamilton County, Ohio, and held herself out as a medical doctor as she received and treated patients for consideration.

6. At all times relevant herein, Defendant Jeffrey Lubow, M.D. (hereinafter referred to as "Defendant Dr. Lubow") was a resident of the State of Ohio, duly licensed to practice medicine in the State of Ohio, specifically with a primary place of business located in Clermont

County, Ohio, and a primary residence located in Hamilton County, Ohio, and held himself out as a medical doctor as he received and treated patients for consideration.

7. At all times relevant herein, Defendant Casey Ogburn, M.D. (hereinafter referred to as "Defendant Dr. Ogburn") was a resident of the State of Ohio, duly licensed to practice medicine in the State of Ohio, specifically with a primary place of business located in Clermont County, Ohio, and a primary residence located in Warren County, Ohio, and held himself out as a medical doctor as he received and treated patients for consideration.

8. At all times relevant herein, John Doe Physicians, John Doe Nurses, and John Doe Employees #1-5 were residents of the State of Ohio and held themselves out to be employees, nurses, agents, or other personnel of Defendants HealthSource and/or John Doe Corporations #1-5.

9. At all times relevant herein, John Doe Physicians, John Doe Nurses and John Doe Employees, as employees and/or agents of Defendants HealthSource and/or John Doe Corporations #1-5, were acting within the scope of their express, implied, or apparent authority as agents of these corporate Defendants.

10. The true names and capacities of John Doe Physicians, John Doe Nurses, and John Doe Employees #1-5 are unknown to Plaintiffs at this time, and Plaintiffs have accordingly sued these unknown Defendants under said fictitious names. When the true names of said John Doe Physicians, John Doe Nurses, and John Doe Employees #1-5 have been ascertained, Plaintiffs will seek leave to amend their Complaint accordingly. Plaintiffs are informed and believe that John Doe Defendants are legally responsible for the events and occurrences herein described, and that John Doe Defendants caused injuries and damages to Plaintiffs' decedent, Naveah Lynn-Behymer.

11. At all times relevant herein, John Doe Corporations #1-5 were professional corporations, incorporated or acting under the laws of the State of Ohio, which employed physicians, nurses, and other personnel to evaluate, care for, and treat patients of John Doe Corporations #1-5.

12. At all times relevant herein, employees of John Doe Corporations #1-5 were within the scope of their express, implied or apparent authority as agents of John Doe Corporations #1-5.

13. The true names and capacities of John Doe Corporations #1-5 are unknown to the Plaintiffs at this time and Plaintiffs have accordingly sued these unknown Defendants under said fictitious names. When the true names of said John Doe Corporations have been ascertained, Plaintiffs will seek leave to amend their Complaint accordingly. Plaintiffs are informed and believe that John Doe Corporations are legally responsible for the events and occurrences herein described, and that John Doe Corporations caused injuries and damages to Plaintiffs' decedent, Nevaeh Lynn-Behymer.

14. At all times relevant herein, Defendants HealthSource and/or John Doe Corporations #1-5 acted through its/their agents, employees and/or independent contractors who were within the course and scope of their employment and authority including, but not limited to, the named Defendants as well as other physicians, nurses, technicians, administrators and other caregivers.

15. At all times relevant herein, the acts and omissions performed by employees, servants or agents of Defendants HealthSource and/or John Doe Corporations #1-5 were within the scope of their express, implied or apparent authority as agents of said Defendants.

**JURISDICTION AND VENUE**

16. Jurisdiction is conferred on this Court by R.C. 2305.01.

17. Pursuant to Rule 3(B)(1) of the Ohio Rules of Civil Procedure, venue is proper in Hamilton County, Ohio, as one or more of the Defendants reside in Hamilton County, Ohio.

## SERVICE OF PROCESS

18. Service of process is permitted on Defendants pursuant to Civ. R. 4.2(A) and (F).

## COMMON FACTUAL ALLEGATIONS

19. At all times relevant hereto, Plaintiff Cheryl Lynn was a patient at HealthSource under the care of Defendants Dr. Johnson, Dr. Lubow, and Dr. Ogburn.

20. On or about April 17, 2014, Plaintiff Cheryl Lynn presented to HealthSource for her initial prenatal visit with Defendant Dr. Johnson.

21. An ultrasound performed on May 23, 2014, confirmed a due date of December 17, 2014.

22. During her pregnancy, Plaintiff Cheryl Lynn was regularly evaluated by Defendants Dr. Johnson, Dr. Lubow, and Dr. Ogburn.

23. Plaintiff Cheryl Lynn presented to HealthSource for her last regular scheduled office visit on December 1, 2014 and was seen by Defendant Dr. Johnson. Dr. Johnson noted the presence of a small amount of protein in her urine and that her blood pressure was 146/92. When it was rechecked, her blood pressure was 135/82. Fetal movement was described as "normal." Plaintiff was scheduled for a routine follow up exam one week later.

24. On December 4, 2014, Plaintiff Cheryl Lynn presented to HealthSource with complaints of pain in her lower stomach since December 2, 2014. This was not a regular scheduled appointment and Plaintiff saw Defendant Dr. Lubow. Plaintiff had 2+ protein in her urine. Her initial blood pressure was 128/88 and, after laying on her left side for fifteen minutes, her blood pressure was 140/100. Plaintiff's blood pressure was 130/85 when it was later

6

rechecked by Dr. Lubow. The fetal heart tones were normal. Dr. Lubow ordered a 24 hour urine to measure protein and blood work, including uric acid.

25. On December 5, 2016, Plaintiff returned to HealthSource with the urine and the 24 hour protein was 4160.1 (normal 30-150).

26. Later that evening, at approximately 7:00 p.m., Plaintiff Cheryl Lynn went to Mercy Health Partners in Cincinnati because she did not feel movement. An ultrasound confirmed that her baby had died. Plaintiff Cheryl Lynn delivered her stillborn infant on December 6, 2014.

### PLAINTIFFS' CAUSE OF ACTION
### [Wrongful Death]

27. Plaintiffs incorporate by reference any and all statements and allegations contained in Paragraphs 1 through 26, as if fully rewritten in this Cause of Action.

28. The named Defendants, jointly and severally, fell below the accepted standard of care, skill and diligence for health care providers and medical provider employees in Ohio or other similar communities in their diagnostic care and medical treatment of Plaintiff Cheryl Lynn resulting in the stillbirth of her infant daughter. Specifically, said Defendants, individually, and by and through their physicians, nurses, technicians, aides, administrators, staff and employees, failed to meet the accepted standard of care, skill, and diligence by failing to recognize and monitor the IUGR, resulting in fetal distress, by failing to recognize and treat preeclampsia before the death of the baby, by failing to perform serial non stress tests, and by failing to send Plaintiff Cheryl Lynn to the labor and delivery unit for monitoring. Defendants were negligent in other respects, as well.

29. Defendants John Doe Physicians #1-5, John Doe Nurses #1-5, and John Doe Employees #1-5 fell below the accepted standards of care, skill, and diligence for physicians,

7

nurses, employees, and other medical personnel practicing in Ohio and other similar communities in the care and treatment of Plaintiff Cheryl Lynn resulting in the stillbirth of her infant daughter. Specifically, said Defendants, by and through their doctors, nurses, administrators, staff and employees, failed to meet the accepted standard of care, skill, and diligence by failing to recognize and monitor the IUGR which resulted in fetal distress, by failing to recognize and treat preeclampsia before the death of the baby, by failing to perform serial non stress tests, and by failing to send Plaintiff Cheryl Lynn to the labor and delivery unit for monitoring. Defendants were negligent in other respects, as well.

29.  Defendants John Doe Corporations #1-5, by and through their agents and/or employees, breached their duty of reasonable care owed to Plaintiff Cheryl Lynn and her decedent, Neveah Lynn-Behymer, and Defendants John Doe Corporations #1-5 are liable for the negligent acts and omissions of their agents, employees and/or servants. The care and treatment rendered to Plaintiff Cheryl Lynn and her decedent, Neveah Lynn-Behymer, by employees, agents, and/or servants of Defendants John Doe Corporations #1-5 fell below the accepted standards of care for physicians, nurses, and other personnel and breached their duty of care owed to Plaintiff Cheryl Lynn and her decedent, Neveah Lynn-Behymer.

30.  As a direct and proximate result of the failure of all named Defendants, individually and by and through agents and/or employees, to meet accepted standards of care, skill, and diligence, the decedent, Neveah Lynn-Behymer, died wrongfully on December 6, 2014.

31.  As a direct and proximate result of the aforementioned failures and negligence of the Defendants, individually, as well as by and through their agents and/or employees, and the

resulting death of the decedent, Neveah Lynn-Behymer, her Estate incurred funeral expenses as well as other expenses.

32. As a further direct and proximate result of the aforementioned failures and negligence of the Defendants, individually, as well as by and through their agents and/or employees, and the premature wrongful death of Neveah Lynn-Behymer, her heirs including, but not limited to, her mother Cheryl Lynn and her father Charles Behymer, as well as numerous other next of kin, suffered severe mental anguish and emotional distress. In addition, her survivors lost the support, services and prospective inheritance of Neveah Lynn-Behymer. Her survivors also lost the decedent's society, including loss of companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education. Neveah Lynn-Behymer's survivors expect to suffer continued mental anguish, emotional distress, and loss of support, services, and society indefinitely into the future.

33. By virtue of the doctrine of *respondeat superior*, Defendants HealthSource and John Doe Corporations #1-5 are and remain liable for the decedent's death.

34. By virtue of the doctrine of *agency by estoppel*, Defendants HealthSource and John Doe Corporations #1-5 are and remain liable for the decedent's death.

### DEMAND

**WHEREFORE,** Plaintiffs Cheryl Lynn, individually and as Administrator of the Estate of Neveah Lynn-Behymer, and Charles Behymer demand judgment against each and every Defendant named herein, jointly and severally, on all claims presented herein as to medical negligence and wrongful death or otherwise and an award of compensatory, consequential, incidental, special, and medical damages in an amount greater than Twenty-Five Thousand

Dollars ($25,000.00) together with attorney fees and costs herein expended and such other relief as may be just and appropriate in this case.

Respectfully submitted,

David I. Shroyer (0024099)
**Colley Shroyer & Abraham Co., LPA**
536 South High Street, 2nd Floor
Columbus, Ohio 43215
T: (614) 228-6453
F: (614) 228-7122
Email: dshroyer@csajustice.com
*Attorney for Plaintiffs*

## JURY DEMAND

Now comes the Plaintiffs and demand that the within matter be tried by a jury of eight (8).

David I. Shroyer (0024099)
*Attorney for Plaintiffs*

10